UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J.A.G.P., a minor, through his guardian,<br>SERAFIN A. GARCIA LOPEZ,<br>as Personal Representative of the heirs of<br>YUNAISI PELEGRINO REYES, deceased, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-CV-02552 |
| v. | ) ) | Judge Edmond E. Chang |
| AEROLINEAS DAMOJH, S.A. de C.V.,<br>a foreign corporation d/b/a<br>GLOBAL AIR, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This lawsuit was filed by the heirs and personal representatives of the people who died in an airplane crash in Cuba. The Plaintiffs filed a master consolidated amended complaint in which Global One Training, LLC was added as a defendant. R. 111.[1] The consolidated complaint alleges that Global One provided negligent flight training to the pilots involved in the crash. In response, Global One moved to dismiss, arguing (among other things) that this Court lacks personal jurisdiction over the company. The Plaintiffs seek leave to conduct limited jurisdictional discovery so that they can appropriately respond to Global One's motion. For the reasons discussed in this Order, the motion is granted—but it might be that personal jurisdiction has already been established anyway.

---

[1]Citations to the record are noted as "R." followed by the docket entry.

# I. Background

This case arises from the tragic airline accident that happened in Cuba on May 18, 2018. R. 125-2, Def.'s Br. at 1–2. More than 75 people lost their lives. R. 111, Compl. ¶ 7. Global Air, a Mexican company, owned the plane, which the company leased to the airline, Cubana de Aviacion. *Id.* at ¶¶ 2, 11. Global One Training, LLC is a Florida company that owns and leases flight simulators for pilot training; Global One also conducts on-site pilot training in Florida. R. 125, Def.'s Mot. Dismiss at 2. According to the operative complaint, Global One trained the pilots who were flying the plane when it crashed. Compl. at 31 ¶¶ 13, 15–16. Global One argues that it is a Florida company, has no presence within the State of Illinois, and has never purposely availed itself of the privilege of doing anything in Illinois. R. 125-1, Def.'s Exh. 1, George Landa Decl. ¶¶ 2–3; Def.'s Mot. Dismiss at 2. That means, Global One contends, that this Court has no personal jurisdiction over the company. Def.'s Mot. Dismiss at 2.

The Plaintiffs ask to take discovery so that they can respond to Global One's motion. R. 148, Pls.' Mot. Leave ¶ 7. According to the Plaintiffs, they have established a *prima facie* case for personal jurisdiction and thus are entitled, at the very least, to take jurisdictional discovery. *Id.* ¶¶ 8–9. The Plaintiffs acknowledge that Global One has no particular ties to Illinois. *Id.* ¶ 9. Instead, the Plaintiffs allege that the Multiparty, Multiforum Trial Jurisdiction Act (commonly known by its acronym, MMTJA), 28 U.S.C. § 1369, applies here so that Global One's lack of contacts with Illinois is actually irrelevant. *Id.* According to the Plaintiffs, because the MMTJA applies, there

2

is personal jurisdiction in *any* federal district court. *Id.* Global One opposes the motion on the ground that the Plaintiffs supposedly should have made the request for jurisdictional discovery sooner. R. 150, Def.'s Opp. Mot. Leave at 4.

## II. Standard of Review

A complaint need not allege personal jurisdiction, but once a defendant moves to dismiss on that ground, the plaintiff bears the burden of establishing that personal jurisdiction is proper. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Sometimes discovery limited to the personal-jurisdiction dispute is warranted, and: "It is within [a] court's discretion to permit jurisdictional discovery." *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). At the same time, however, "the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). In other words, a plaintiff seeking jurisdictional discovery must advance "proof to a reasonable probability of the facts necessary to establish federal jurisdiction." *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir. 1996) (cleaned up)[2]; *see also Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015). Generally, courts grant jurisdictional discovery "if the plaintiff can show that the factual record is at least ambiguous or unclear on the issue." *Wells v. Hospital*

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*Group of Illinois, Inc.*, 2003 WL 21704416, at *3 (N.D. Ill. July 23, 2003); *see also Ticketreserve,* 656 F. Supp. 2d at 782.

### III. Analysis

There are two types of personal jurisdiction: general and specific. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). As noted earlier, when a defendant disputes personal jurisdiction, the Court assesses whether the plaintiff has made a *prima facie* showing of personal jurisdiction; if so, then limited jurisdictional discovery is probably warranted. The Plaintiffs here believe that they have sufficiently alleged a *prima facie* case of personal jurisdiction. Pls.' Mot. Leave ¶ 9. The Court agrees—indeed, as explained below, there seems to be little reason to doubt that personal jurisdiction has already been established.

For the *prima facie* case, the Plaintiffs make a succinct argument: the MMTJA applies to this case and the Act authorizes nationwide service of process. Pls.' Mot. Leave ¶ 9. Federal statutes that authorize nationwide service of process provide personal jurisdiction in *any* United States District Court, so long as the defendant has minimum contacts with the *United States*. *Id.* Global One is a United States company, and thus presumably it has minimum contacts with the United States. *Id.* So, the Plaintiffs say, they have met their burden, and are entitled to jurisdictional discovery on Global One's ties to the accident and training of the accident flight pilots. *Id.* Given the relatively low threshold required to set forth a *prima facie* case, the Plaintiffs have met their burden here and jurisdictional discovery is appropriate.

4

Indeed, it seems like discovery is not even needed to establish personal juris-

diction. One of the cases cited by the Plaintiffs, *Siswanto v. Airbus*, 153 F. Supp. 3d

1024 (N.D. Ill. 2015), explains why. *Siswanto* holds that if the MMTJA applies, and

the defendant-company is a U.S. company, then any district court in the United

States—such as this Court—has personal jurisdiction over the defendant.[3] *Id.* at

1027; Pls.' Mot. Leave ¶ 9. It is true that, even if an applicable statute provides for

nationwide service, constitutional limits still must be satisfied—that is, due process

still requires minimum contacts. *Cent. States, Se.*, 230 F.3d at 937. Global One argues

that due process requires that the company have minimum contacts with the *State of*

*Illinois*. Def.'s Br. at 6. In contrast, the Plaintiffs argue that when a federal statute

authorizes nationwide service of process, then due process is satisfied so long as the

party has minimum contacts with the *United States*. Pls.' Mot. Leave ¶ 9. "[W]hen a

federal statute authorizes nationwide service of process, the scope of the minimum

contacts test exceeds the forum state's long-arm statute." *Siswanto*, 153 F. Supp. 3d

at 1028.

Global One premises its argument on Federal Rule of Civil Procedure

4(k)(1)(C), but that rule makes clear that Congress can, through a statute granting

---

[3]Global One says that this case is "potentially" governed by the MMTJA. Def.'s Br. at 1–2. But Global One offers no substantive argument against the MMTJA's application here. *See id.* The MMTJA grants the district courts original jurisdiction when there is minimal diversity between adverse parties, the case arises from a single accident where at least 75 people died at the same location, and (as is the case here) any two defendants reside in different States. 28 U.S.C. § 1369(a)(2). Global One's own pleadings make it clear that these requirements are satisfied. There is minimal diversity between adverse parties. Def.'s Br. at 2. And at least 75 people died at the same location. *Id.* at 1. Plus, Global One is based in in Florida, *id.* at 2, while Defendant Boeing is based in Illinois. Compl. ¶ 3.

nationwide service of process, expand personal jurisdiction to any district in the United States, so long as the application does not violate due process under the Fifth Amendment. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). What the rule does *not* say is that due process requires minimum contacts with the specific State in which the forum is based. The Seventh Circuit, along with several other Circuits, has held that when a statute provides for nationwide service of process, the due process inquiry is minimum contacts with the *United States*. In *KM Enterprises*, for example, the Seventh Circuit deemed the personal jurisdiction analysis to be "easy" because the Clayton Act provides for nationwide service of process: "[D]ue process requires only that GTT have sufficient minimum contacts with the *United States as a whole* to support personal jurisdiction, and Congress has provided for nationwide service of process. As a domestic corporation, GTT has sufficient minimum contacts with the United States to satisfy due process." *KM Enterprises*, 725 F.3d at 730–31 (emphasis added); *see, also*, *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298 (3d Cir. 2004); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir. 1993); *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992); *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1414 (9th Cir. 1989).

*KM Enterprises* was not new. The Seventh Circuit had applied this reasoning across various federal statutes. The important similarity across the statutes is the provision of nationwide service of process: "Although we have not previously addressed this question under ERISA, we have concluded that nationwide service under

other statutes is proper, as long as the defendants have adequate contacts with the *United States as a whole.*" *Bd. of Trs. v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000) (emphasis added) (citing *United Rope Distributors, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir. 1991) (admiralty); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671–72 (7th Cir. 1987) (RICO); *Fitzsimmons v. Barton*, 589 F.2d 330, 332–34 (7th Cir. 1979) (securities laws)) There is no dispute that the MMTJA provides for nationwide service of process. So there seems to be no reason why the due-process inquiry here would be any different than in all of the Seventh Circuit's previous cases involving statutes that authorize nationwide service of process. Global One does not offer a reason to distinguish the MMTJA from this legion of other statutes.

Indeed, it makes sense that due process would demand only minimum contacts with the United States when the underlying federal statute authorizes nationwide service of process. "The question is whether the polity, whose power the court wields, possesses a legitimate claim to exercise force over the defendant." *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987). The polity here is the United States, not the State of Illinois. Sure, if Illinois were the sovereign seeking to exercise control over Global One, then yes, Global One's argument that due process requires analyzing its contacts with Illinois would make sense. But Illinois is not the sovereign here—the United States is. "A federal court in a federal question case is not implementing any state's policy; it exercises the power of the United States." *Id.*

This line of reasoning also explains why Global One's invocation of traditional notions of fair play and justice is also misdirected at Illinois contacts. With nationwide service of process as a premise and a *federal* court seeking to exercise personal jurisdiction, the question is *not* about the fairness of haling Global One into Illinois when the company has no contacts there; instead, it is about which sovereign is exercising power: "It is clear, therefore, that the 'fairness' standard … relates to the fairness of the exercise of power by a particular sovereign, not the fairness of imposing the burdens of litigating in a distant forum." *Fitzsimmons*, 589 F.2d at 333. When the sovereign is the United States, mere residence in the United States provides "sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over [the party] by a United States court." *Id.*.

Having said all this, the Plaintiffs do not seem to argue outright that no jurisdictional discovery is needed and that personal jurisdiction has been established. It is always possible that the Court is missing something without adversarial presentation on the issues. So for now the Court's holding is simply that limited jurisdictional discovery is appropriate. But the parties should confer before launching into the jurisdictional discovery. It seems that all agree that Global One is a domestic company, with its offices, flight simulators, and training sessions all in Florida, so it would seem that the company has sufficient minimum contacts with the United States. And if that is accurate, then there really should be no dispute over personal jurisdiction. In any event, the Plaintiffs and Global One shall confer and propose (if needed) a jurisdictional-discovery schedule in a status report due on January 4, 2022.

8

## IV. Conclusion

The Plaintiffs' motion for leave to conduct limited personal jurisdiction discovery is granted. The Plaintiffs and Global One shall file a status report on January 4, 2022. To track the case only (no appearance is required), a tracking status hearing is set for January 14, 2022, at 8:30 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 19, 2021