UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.A.G.P., a minor, through his guardian, SERAFIN A. GARCIA LOPEZ, as Personal Representative of the heirs of YUNAISI PELEGRINO REYES, deceased, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>AEROLINEAS DAMOJH, S.A. de C.V., a foreign corporation d/b/a GLOBAL AIR, *et al.*,<br><br>   Defendants. | No. 1:19-CV-02552<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION & ORDER**

  A group of heirs and personal representatives of the people who died in the crash of a Global Air flight have sued (among others) Wells Fargo Trust Company, the former owner of the plane, under strict liability and negligence theories. Wells Fargo responded with a motion to dismiss, arguing that the state law claims are preempted by federal law and that, alternatively and additionally, the complaint is devoid of factual allegations and thus fails to state a claim. For the reasons discussed in this Opinion, the motion to dismiss is granted because federal law does preempt the state law claims. For now, the dismissal is without prejudice. The Plaintiffs may propose an amendment to the complaint if they believe that preemption can be avoided with new allegations.

## I. Background

This case arises from the tragic airline accident that happened in Cuba on May 18, 2018. R. 111, Compl. at 5, ¶ 7. More than 75 people lost their lives. *Id*. In addition to suing the airline, the plane's manufacturer, and others, the Plaintiffs have sued a former owner of the plane, Wells Fargo Trust Company. *Id*. at 2; *id*. ¶ 4. To understand Wells Fargo's alleged involvement in this case, it is necessary to trace back the ownership of the plane. In 2005, Wells Fargo purchased the plane. *Id*. ¶ 9. Around three years later, in 2008, Wells Fargo in turn sold the plane to Meigas Aviation Services, a Mexican company. *Id*. at 6, ¶ 10. Meigas leased the plane to Global Air (a different Mexican company), which in turn leased the plane to Cubana de Aviacion. *Id*. ¶¶ 2; *id*. at 6, ¶¶ 10–12.

The Plaintiffs allege that when Wells Fargo purchased the plane, it was defective and unreasonably dangerous. Compl. at 16, ¶ 13. Those defects allegedly included: flight control surfaces subject to failure; rudder and rudder control systems subject to failure; rudder power control unit rods that were brittle and fractured; and engines subject to catching on fire. *Id*. The Plaintiffs argue that the aircraft operating manual and the aircraft flight manual failed to give adequate instructions for maintenance and repair, for operation of the plane including in emergency situations, and for increased inspection and maintenance. *Id*. Wells Fargo allegedly bought and sold the plane without including any warnings about the effect of aging on the plane. *Id*. According to the Plaintiffs, Wells Fargo's misconduct also includes its failure to correct, remedy, and repair the dangerous and defective conditions; its sale of the plane

2

in an unsafe condition; and the fact that it placed the dangerous and defective plane into the stream of commerce. *Id.* at 17, ¶¶ 14–16; *Id.* at 19, ¶¶ 14–16. Finally, Wells Fargo is also supposedly liable for its negligent failure to inspect and discover all of the above defects and dangerous conditions. *Id.* at 20–21, ¶¶ 14; *Id.* at 22–23, ¶ 14. According to the Plaintiffs, the misconduct in each count was the direct and proximate cause of the plane crash and deaths of the passengers on board. *Id.* at 19, ¶ 17; *Id.* at 21, ¶ 15; *Id.* at 23, ¶ 15.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

3

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

Wells Fargo argues that the complaint against it should be dismissed for two reasons: (1) the claims are preempted by the Federal Aviation Act (FAA), 49 U.S.C. § 44112; and (2) even if the claims are not preempted, the allegations fail to adequately state a claim. This Court agrees—Wells Fargo is right on both points.

### A. Federal Preemption

First, Wells Fargo asserts that the state law tort claims brought against it are preempted by the Federal Aviation Act, 49 U.S.C. § 44112.[1] In a section entitled, "Limitation of Liability," the FAA shields owners and lessors from personal-injury liability if they did not have actual possession or operational control of the plane:

> (b) Liability.— A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage *only* when a civil aircraft, aircraft engine, or propeller *is in the actual possession or operational control* of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of—
>
> (1) the aircraft, engine, or propeller; or
>
> (2) the flight of, or an object falling from, the aircraft, engine, or propeller.

---

[1] For the sake of ease, when this court mentions the FAA throughout the remainder of this Opinion it is referring specifically to 49 U.S.C. § 44112, formerly 49 U.S.C. § 1404.

4

49 U.S.C. § 44112(b) (formerly 49 U.S.C. § 1404) (emphases added). From Wells Fargo's perspective, it was an owner in name only of the aircraft many years ago and never possessed or controlled the plane. Def.'s Br. at 1. To interpret the preemptive force of this provision, statutory interpretation begins with the plain language. The Court must "assume that the legislative purpose of the statute is expressed by the ordinary meaning of the words used." *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008) (cleaned up).[2] The plain language of the statute should be conclusive unless there is clearly expressed congressional intent to the contrary. *Id.* The language and design of the statute as a whole may also provide guidance in determining the plain meaning of its provisions. *Id.* (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)). More specifically on preemption, "pre-emption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983) (cleaned up).

It is true that Section 44112(b) does not expressly call for preemption via explicit text such as "State law is preempted." But the law's text, context, and structure clearly imply that the section has preemptive force. Indeed, the Plaintiffs do not dispute that general point. Of particular importance here, the statute says that an owner can be held liable for personal injury "*only when*" the plane is in the "actual possession or operational control of the … owner." § 44112(b) (emphasis added). Naturally,

---

[2] This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

5

courts should avoid interpreting a statute in a way that renders a word or phrase redundant or meaningless. *Berkos*, 543 F.3d at 396. The only way to do that for the term "only when" in this context is to give § 44112 preemptive force against all claims—including state law claims—aside from those claims authorized by the statute. *See, e.g., Matei v. Cessna Aircraft Co.*, 1990 WL 43351, at *5 (N.D. Ill. Mar. 30, 1990) ("This provision preempts any contrary state law."), *aff'd*, 35 F.3d 1142, 1144 (7th Cir. 1994); *In re Lawrence W. Inlow Acc. Litig.,* 2001 WL 331625, at *14 (S.D. Ind. Feb. 7, 2001) ("The plain language of § 44112 establishes that it preempts state common law claims against covered lessors."); *Rogers v. Ray Gardner Flying Serv., Inc.*, 435 F.2d 1389, 1394 (5th Cir. 1970) ("That section excludes certain persons from liability for injuries on the surface of the earth … This provision appears clearly and forthrightly to preempt any contrary state law which might subject holders of security interests to liability for injuries so incurred.").

Instead of arguing generally that the FAA does not have any preemptive force at all, the Plaintiffs more specifically assert that the claims in *this* case should not be dismissed. To understand the Plaintiffs' argument, remember that the FAA immunizes only owners and lessors of planes (and those with a security interest in the plane). 49 U.S.C. § 44112(b). According to the Plaintiffs, they have brought suit against Wells Fargo as a *seller* of the plane—not as an owner or lessor. Pl.'s Br. at 7–8. As recounted earlier, the plane in this case allegedly had defects in the flight control surfaces, the rudder and rudder control system, the rudder power control unit rods, the aircraft stabilizer, and more generally, the engine. Compl. at 16, ¶ 13. The Plaintiffs maintain

6

that the FAA does not preempt products-liability claims against sellers of defective planes like this—or so the argument goes. Pl.'s Br. at 7–9.

But the Plaintiffs' invocation of the label "seller" in lieu of "owner" makes no substantive difference. To start, as Wells Fargo rightfully points out, the Plaintiffs' own pleadings accuses Wells Fargo of misconduct "[d]uring the period in which defendant Wells Fargo *owned* the accident aircraft …." Compl. at 17, ¶ 14 (emphasis added); *id*. at 19, ¶ 14. As a *factual*-pleading matter, then, even the Plaintiffs characterize Wells Fargo as the owner of the aircraft during the relevant time of Wells Fargo's alleged misconduct (or alleged oversights).

And as a matter of *law*, affixing the "seller" label to Wells Fargo makes no substantive difference. Section 44112(b)'s text still applies to block liability: Wells Fargo was the "owner" of the aircraft when the company engaged in the alleged misconduct, so Wells Fargo cannot be liable unless it was in actual possession or operational control of the aircraft—and there is no allegation to that effect. *See* Compl. at 5–6, ¶¶ 9, 10; *id.* at 16–17, ¶¶ 13–16. Just as the statute's preemptive scope remains the same even if a defendant is labelled the "title holder" of an aircraft rather than its "owner," so too with the label "seller."

It is true that there is one text-based hesitation to applying Section 44112's limitation of liability to Wells Fargo: the statute's present-tense formulation. The Plaintiffs do not raise this particular point, but it turns out that the strongest textual clue in their favor is that the statute defines owner as "a person that *owns* a civil aircraft, aircraft engine, or propellor." § 44112(a)(2) (emphasis added). It is at least

7

possible—if the present-tense formulation is divorced from context—to interpret the statute as applying only to the owner of the aircraft at the time of the accident. The problem with this interpretation is that the *entirety* of the statute speaks in present-tense terms: liability attaches only when the aircraft "is" in the actual possession or operational control of the owner, and the injury "occurs" because of the aircraft. § 44112(b). But of course the statute is not addressing the present tense in the sense of requiring possession or control at the time of the lawsuit. At most, the statute uses the historical present tense to describe past events. So, as a limitation-of-liability provision, the key time is when the accused misconduct happened. Here, Wells Fargo is accused of negligence and products liability when Wells Fargo owned the aircraft, and thus the protection of the statute applies (it bears emphasizing again that the protection would not apply if Wells Fargo had actual possession or operational control of the aircraft).

Indeed, given the purpose of Section 44112(b), it would be odd to confer protection on the *current* non-possessory, non-operating owner but not to the *former* non-possessor, non-operating owner. For preemption clauses like Section 44112(b), "the purpose of Congress is the ultimate touchstone in every pre-emption case." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). The predecessor of Section 44112 was 49 U.S.C. § 1404, which "[o]n its face … was enacted to facilitate financing of the purchase of aircraft by providing that those holding security interests would not be liable for injuries cause by falling planes or the parts thereof," absent actual possession or control

8

of the plane. *Rogers,* 435 F.2d at 1392, 1394.[3] If a non-possessory, non-operating owners, lessors, or security-interest holders of an aircraft could be held liable after selling it, then that would shrink the supply of financiers for aircraft. Section 44112(b) preempts the claims of liability brought by the Plaintiffs against Wells Fargo.

### B. Sufficiency of the Complaint

Wells Fargo argues that even if the claims were not preempted, the complaint would have to be dismissed because it fails to adequately state either a negligence or strict-liability claim. Def.'s Br. at 8. Although the claims are dismissed due to preemption, the Court will address, for the sake of completeness, this argument as well. The answer is that Wells Fargo is right: the claims are not adequately pleaded.

As an initial matter, the Plaintiffs contend that Wells Fargo's argument should be rejected because, in essence, Wells Fargo fails to address choice-of-law issues. Pls.' Br. at 10. Although the Court is all for head-on tackling of choice of law early in a case (the issue is too often overlooked), here the Plaintiffs only vaguely raise the possibility the Court must choose between the law of Illinois or Utah (where Wells Fargo is headquartered). *Id.* But "a choice-of-law determination is required only when the [party seeking a choice-of-law determination] has established an actual conflict between state laws." *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 729 (7th Cir. 2014); *see Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 10 N.E.3d 902, 909 (Ill. 2014) ("A choice-of-law determination is required only when a difference

---

[3]In addition to security-interest holders, Section 1404 (like Section 44112(b)) also limited the liability of the "lessor or owner of the aircraft," *Rogers*, 435 F.3d at 1392 (quoting § 1404).

9

in law will make a difference in the outcome."). Here, the Plaintiffs assert only that their "research suggests" important differences between Utah and Illinois law. But the question is not whether there are important differences—it is whether the laws actually *conflict*. Here, the Plaintiffs bear the burden to show a conflict, *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021), but they have not pointed to one.

In the absence of a conflict, Illinois law applies. In diversity actions involving state law, a federal court looks to the forum state's choice-of-law rules to figure out the governing substantive law. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). "Under Illinois choice-of-law rules, forum law is applied unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply." *Sosa*, 8 F.4th at 637 (7th Cir. 2021) (cleaned up). At this stage, because the Plaintiffs have not shown that Illinois and Utah law actually conflict, Illinois choice-of-law principles tell us that Illinois law applies.

### 1. Strict Liability

On the strict-liability claim, Illinois (and Utah too for that matter) has adopted Section 402A of the Restatement (Second) of Torts. *See Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 254 (Ill. 2007); *Burningham v. Wright Med. Tech., Inc.*, 448 P.3d 1283, 1286 (Utah 2019). As pertinent here, Section 402A limits the application of strict liability against only those defendants who are in the *business* of selling the product at issue:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>> (a) the seller is *engaged in the business of selling* such a product, and
>>
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Restatement (Second) of Torts § 402A (emphasis added). Under Illinois law, then, the complaint fails to adequately state a strict-liability claim because there is no allegation that Wells Fargo was engaged in the business of selling planes. The complaint makes no mention of that at all.

The Plaintiffs argue that Wells Fargo is trying to hold them to a heightened pleading standard and that they have provided sufficient factual detail under Civil Rule 8(a)(2). Pls.' Br. at 6–7. It is of course true that there is no heighted pleading standard for a strict-liability claim. But that is not the problem here. The Plaintiffs fail to set forth *any* allegation that Wells Fargo is in the business of selling planes. Nor do the Plaintiffs argue that Wells Fargo's sale of this one plane in this case is enough. Indeed, occasional sellers are not considered to be engaged in the business of selling for strict-liability purposes. *Geboy v. TRL Inc.*, 159 F.3d 993, 998 (7th Cir. 1998). Yes, Rule 8 does indeed only require a short and plain statement of the claim. But the short and plain statement must adequately allege that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Because the complaint makes no mention or allegation on Wells Fargo being in the business of selling planes, the Plaintiffs have not sufficiently pled that they are entitled to relief under a theory of strict liability.

11

**2. Negligence**

Whether the Plaintiffs here have sufficiently pled a negligence claim is a closer call. Typically, a "product liability action asserting a claim based on negligence ... falls within the framework of common law negligence. [T]o state a claim for negligence, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the plaintiff was injured as a proximate result of such breach." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 746 (7th Cir.) (cleaned up). The Plaintiffs contend that Wells Fargo bought the plane in a defective and unreasonably dangerous condition, then failed to correct these defects, and later sold the plane in the same defective and unreasonably dangerous condition, all without warning, and all in violation of its duty to the Plaintiffs. Compl. at 17, ¶¶ 14–16; *Id*. at 19, ¶¶ 14–16.

Wells Fargo points out that Illinois does not "blindly impose[] product liability on all resellers, no matter how remotely connected to the 'stream of commerce.'" *Cruz v. Midland-Ross Corp.,* 813 F. Supp. 628, 630–32 (N.D. Ill. 1993) (quoted by Def.'s Br. at 8). To the defense's way of thinking, in order for the Plaintiffs to successfully allege negligence, Wells Fargo had to have been part of the original manufacturing and marketing chain—and there are no allegations like that in the complaint. *Id*. at 8–9.

At the pleading stage, however, it is important to avoid imposing a too-demanding threshold in alleging a negligence claim, which generally speaking ought not be difficult to successfully allege at all. "There are no special pleading

12

requirements for product liability claims in general." *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010). Having said that, there is a crucial difference between claims for strict liability and claims for negligence—namely, the requirement of fault for negligence claims. *See Calles*, 864 N.E.2d at 263. Of particular relevance here, other than their conclusory statements, the Plaintiffs fail to set forth any *facts* suggesting that Wells Fargo "knew or should have known of the risk posed by the product." *Id.* at 264; *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1159 (Ill. 2011); *Brobbey v. Enter. Leasing Co. of Chi.*, 935 N.E.2d 1084, 1093 (Ill. App. 1st 2010). Absent a factual allegation on that requirement, the negligence claim cannot survive.

The other problem with the negligence claim is that the Plaintiffs fail to assert any *facts* about the duty that Wells Fargo owed to the Plaintiffs. This is particularly glaring given that Wells Fargo never had possession of the plane (at least based on the current pleading) and also sold the plane to co-defendant Meigas Aviation some *10 years* before the accident. Compl. at 6, ¶ 10. "A duty of care arises when the nature of the plaintiff and defendant's relationship to one another is such that the law imposes upon the defendant an obligation of reasonable conduct for the plaintiff's benefit." *Lurgio v. Commonwealth Edison Co.*, 914 N.E.2d 659, 665, (2009) (cleaned up). Here again the allegations on the defects with the plane are not enough to adequately set forth a duty of care to the Plaintiffs.

Lastly, on the claim that Wells Fargo failed on its duty to warn, Illinois recognizes that type a claim "when there is unequal knowledge and the defendant, possessed with such knowledge, knows or should know that harm might occur if no

13

warning is given." *Gray v. Nat'l Restoration Sys., Inc.*, 820 N.E.2d 943, 957 (Ill. App. 1st 2004). Again, however, there are no factual allegations other than the Plaintiffs' conclusory legal statements supporting this theory of liability.

## IV. Conclusion

In light of the preemption of the state law claims, Wells Fargo's motion to dismiss is granted. If the Plaintiffs believe that they can fix the claims so that there is no preemption (it does not seem like that is possible), then they may file a proposed amendment by February 28, 2022. If they do so, then the Plaintiffs also should attempt to fix the claims so that they adequately set forth a basis for relief, bearing in mind the discussion in this Opinion. If no proposed amendment is filed by the deadline, then the dismissal will convert to a dismissal with prejudice.

ENTERED:

        s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 11, 2022